[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12486
Non-Argument Calendar
_____

D.C. Docket No. 4:19-cv-00113-RH-MJF

RICARDO JOSE FERNANDEZ,

Plaintiff-Appellant,

versus

UNITED STATES,

Defendant-Appellee.
_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 3, 2020)

Before MARTIN, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Ricardo Fernandez, proceeding pro se, appeals the district court's order

granting summary judgment to the government, in his action brought pursuant to the

Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, alleging that medical providers at hospitals run by the Department of Veterans Affairs ("VA") provided negligent medical care. Specifically, Fernandez alleged that medical providers at the VA negligently prescribed and treated him with medications known as "beta blockers" and "ACE inhibitors" despite knowing that Fernandez was allergic to those medications. The district court granted summary judgment because it concluded that Fernandez failed to create a genuine issue of material fact as to any of the elements of his FTCA medical negligence claim. In response to Fernandez's appeal, the government moves this Court for summary affirmance of the district court's ruling and for a stay of briefing on appeal. After careful review, we grant the government's motion for summary affirmance.

## I.

We review <u>de novo</u> the grant of a motion for summary judgment, "applying the same legal standards used by the district court." <u>Yarbrough v. Decatur Hous. Auth.</u>, 941 F.3d 1022, 1026 (11th Cir. 2019) (quotation marks omitted).

For an argument to be sufficiently briefed on appeal, the argument must include the appellant's "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have

abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014). And we do not consider arguments raised for the first time in a reply brief. Id. at 682–83. Although pro se pleadings are held to a less stringent standard than counseled pleadings, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), pro se litigants are still required to conform to procedural rules, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (per curiam).

Summary disposition is appropriate where, among other things, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

## II.

Summary disposition is appropriate in this case because there is no "substantial question" that Fernandez has abandoned any challenge to the district court's order granting summary judgment. Groendyke Transp., 406 F.2d at 1162. Fernandez does not challenge any portion of the district court's ruling in his initial brief, arguing only the facts and merits of his underlying FTCA medical negligence claim. These arguments fail to properly raise any grounds for appeal. See Sapuppo,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. Id. at 1209.

739 F.3d at 680; see also Fed. R. App. P. 28(a)(8)(A).  To take one example, Fernandez does not argue that he presented evidence sufficient to create a genuine issue of material fact as to what standard of care the VA doctors owed him.  His abandonment of that ground alone is enough for us to affirm the judgment, because without it, Fernandez cannot establish the remaining elements of his FTCA medical negligence claim.  See Gooding v. Univ. Hosp. Bldg., Inc., 445 So. 2d 1015, 1018 (Fla. 1984) ("To prevail in a medical malpractice case a plaintiff must establish the following: the standard of care owed by the defendant, the defendant's breach of the standard of care, and that said breach proximately caused the damages claimed."); Sapuppo, 739 F.3d at 680 ("[I]ssues that clearly are not designated in the initial brief ordinarily are considered abandoned." (quotation marks and citation omitted)).  Even liberally construing Fernandez's reply brief as challenging the district court's conclusion that he had not presented adequate evidence as to the standard of care, summary affirmance is still warranted because arguments made for the first time in reply are not deemed preserved.  See id. at 682–83.

Because there is no substantial question that Fernandez has not properly raised any arguments concerning the district court's order granting summary judgment, the government's motion for summary affirmance is **GRANTED**.  See Groendyke Transp., 406 F.3d at 1162.  The government's motion to stay the briefing schedule is **DENIED** as moot.

4